01
02
03
04
05
06
07
08                          UNITED STATES DISTRICT COURT
                           WESTERN DISTRICT OF WASHINGTON
09                                      AT SEATTLE

10  STEPHEN LEE CZAPLA,                  )   Case No. C08-151-RSL-JPD
                                         )
11            Petitioner,                )
                                         )
12       v.                              )
                                         )   REPORT AND RECOMMENDATION
13  JUDGE CHERYL B. CAREY, et al.,       )
                                         )
14            Respondents.               )
    _____)

15                    I.   INTRODUCTION AND SUMMARY CONCLUSION

16       Petitioner Stephen Lee Czapla, proceeding *pro se*, has filed a petition for a writ of

17  habeas corpus pursuant to 28 U.S.C. § 2254, together with an application to proceed *in forma*

18  *pauperis* ("IFP") in this matter. Dkt. Nos. 1, 7, 9. Petitioner is currently incarcerated at the

19  King County Regional Justice Center in Kent, Washington, where he is apparently serving a

20  one-year sentence imposed by the King County Superior Court following a December 14,

21  2007 conviction on charges of stalking and violating a no-contact order. Dkt. No. 1-1. The

22  § 2254 petition attacks the validity of petitioner's confinement, seeks immediate release, and

23  requests monetary damages. Dkt. No. 1-1 at 15. The Court has granted petitioner IFP status,

24  see Dkt. No. 8, but has not directed service of his petition. For the reasons set forth below,

25  the Court recommends that petitioner's § 2254 petition be DENIED and this case be

26  DISMISSED without prejudice.

REPORT AND RECOMMENDATION
PAGE – 1

## II.  DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996), governs petitions for habeas corpus filed by prisoners who were convicted in state courts. 28 U.S.C. § 2254. In order for a federal district court to review the merits of a § 2254 petition, the petitioner must first exhaust his state court remedies. 28 U.S.C. § 2254(b)(1)(A); *Fields v. Waddington*, 401 F.3d 1018, 1020 (9th Cir. 2005). The purpose of the exhaustion doctrine is to preserve federal-state comity which, in this setting, provides state courts an initial opportunity to correct violations of its prisoners' federal rights. *Picard v. Connor*, 404 U.S. 270, 275 (1971); *Ex parte Royall*, 117 U.S. 241, 251 (1886).

A petitioner can satisfy the exhaustion requirement by either (1) fairly and fully presenting each of his federal claims to the highest state court from which a decision can be rendered, or (2) demonstrating that no state remedies are available to him. *Johnson v. Zenon*, 88 F.3d 828, 829 (9th Cir. 1996). A petitioner fairly and fully presents a claim if he submits it "(1) to the proper forum, (2) through the proper vehicle, and (3) by providing the proper factual and legal basis for the claim." *Insyxiengmay v. Morgan*, 403 F.3d 657, 668 (9th Cir. 2005) (internal citations omitted).

The Ninth Circuit requires that a habeas petitioner explicitly identify the federal basis of his claims by identifying specific portions of the Constitution or federal statutes, or by citing federal or state case law that analyzes the Constitution. *Insyxiengmay*, 403 F.3d at 668; *Fields*, 401 F.3d at 1021. Alluding to broad constitutional principles, without more, does not satisfy the exhaustion requirement. *Id.* Although *pro se* petitioners may be entitled to more leniency than habeas petitioners with counsel, *Sanders v. Ryder*, 342 F.3d 991, 999 (9th Cir. 2003), such petitioners ordinarily do not satisfy the exhaustion requirement if the state court must read beyond their petition in order to ascertain their claims. *Baldwin v. Reese*, 541 U.S.

REPORT AND RECOMMENDATION
PAGE – 2

27, 32 (2004).

Here, it is clear from the face of the petition that petitioner has not exhausted any of the grounds for relief he has presented therein.  *See* Dkt. No. 1-1 at 1-11.  Petitioner appears to believe that no direct appeal is available, and implies that a lack of assistance from the public defender's office obviates the exhaustion requirement.

The Court disagrees.  The claims presented by petitioner that attack the validity of his conviction appear to be claims eligible for review in the state courts.  Even assuming that a direct appeal is not available to petitioner, the Washington Rules of Appellate Procedure provide an avenue through which a petitioner may seek review of a restraint which is alleged to be unlawful.  *See* R.A.P. 16.4.  Petitioner apparently made no effort to seek review of his restraints under the provisions of that rule.  Because petitioner has made no effort to exhaust his federal habeas claims in the state courts, those claims are not eligible for federal habeas review.  Accordingly, his § 2254 petition should be denied.

### III.  CONCLUSION

For the foregoing reasons, the Court recommends that petitioner's 28 U.S.C. § 2254 petition be DENIED and this case be DISMISSED without prejudice.  A proposed order accompanies this Report and Recommendation.

DATED this 27thday of February, 2008.

*James P. Donohue*

JAMES P. DONOHUE
United States Magistrate Judge

REPORT AND RECOMMENDATION
PAGE – 3